# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:15−cv−01663−RMC</u>

KNAPP MEDICAL CENTER et al v. BURWELL
Assigned to: Judge Rosemary M. Collyer
Demand: $0
Cause: 05:551 Administrative Procedure Act

Date Filed: 10/12/2015
Date Terminated: 06/30/2016
Jury Demand: None
Nature of Suit: 899 Administrative
Procedure Act/Review or Appeal of
Agency Decision
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**KNAPP MEDICAL CENTER**

represented by **Amy E. Garber**
BRADLEY ARANT BOULT
CUMMINGS LLP
1615 L St. NW
Suite 1350
Washington, DC 20036
(202) 719−8244
Fax: (202) 719−8337
Email: <u>agarber@babc.com</u>
*ATTORNEY TO BE NOTICED*

**Carey B. McRae**
BRADLEY ARANT BOULT
CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521−8014
Fax: (205) 521−8800
Email: <u>cmcrae@babc.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc J. Ayers**
BRADLEY ARANT BOULT
CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521−8598
Fax: (205) 488−6598
Email: <u>mayers@babc.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory G. Marshall**

HUDDLES JONES SORTEBERG &
DACHILLE, PC
10211 Wincopin Circle
Suite 200
Columbia, MD 21044
(202) 719−8207
Fax: (202) 719−8307
Email: gmarshall@babc.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **MCALLEN HOSPITALS, L.P.** *doing business as* SOUTH TEXAS HEALTH SYSTEM | represented by | **Amy E. Garber** (See above for address) *ATTORNEY TO BE NOTICED* |

**Carey B. McRae**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc J. Ayers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory G. Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **CORNERSTONE REGIONAL HOSPITAL, L.P.** *doing business as* CORNERSTONE REGIONAL HOSPITAL | represented by | **Amy E. Garber** (See above for address) *ATTORNEY TO BE NOTICED* |

**Carey B. McRae**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc J. Ayers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory G. Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

2

*in her official capacity as Secretary of the
Department of Health and Human
Services*

UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Federal Programs Branch
20 Masachusetts Avenue, NW
Washington, DC 20530
(202) 305−8648
Fax: (202) 616−8460
Email: steven.a.myers@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**DOCTORS HOSPITAL AT
RENAISSANCE**

represented by **Ryan T. Scarborough**
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
(202) 434−5173
Fax: (202) 434−5029
Email: rscarborough@wc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/12/2015 | 1 | | COMPLAINT against SYLVIA MATHEWS BURWELL, in her official capacity as Secretary of HHS ( Filing fee $ 400 receipt number 0090−4274199) filed by KNAPP MEDICAL CENTER, CORNERSTONE REGIONAL HOSPITAL, L.P., MCALLEN HOSPITALS, L.P.. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 LCvR 7.1 Certification, # 5 LCvR 7.1 Certification, # 6 LCvR 7.1 Certification, # 7 Summons)(Marshall, Gregory) Modified on 10/13/2015 (md). (Entered: 10/12/2015) |
| 10/13/2015 | 2 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P. (md) (Entered: 10/13/2015) |
| 10/13/2015 | | | Case Assigned to Judge Rosemary M. Collyer. (md) (Entered: 10/13/2015) |
| 10/13/2015 | 3 | | SUMMONS (3) Issued Electronically as to SYLVIA MATHEWS BURWELL, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice of Consent) (md) (Entered: 10/13/2015) |
| 10/13/2015 | 4 | | NOTICE *of Corrected Civil Complaint* by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P. (Marshall, Gregory) (Entered: 10/13/2015) |
| 10/27/2015 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SYLVIA MATHEWS BURWELL served on 10/21/2015 (Marshall, Gregory) |

| 10/29/2015 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 10/22/15. (Garber, Amy) (Entered: 10/29/2015) |
|---|---|---|
| 10/29/2015 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 10/22/2015. Answer due for ALL FEDERAL DEFENDANTS by 12/21/2015. (Garber, Amy) (Entered: 10/29/2015) |
| 12/11/2015 | 8 | NOTICE of Appearance by Steven A. Myers on behalf of All Defendants (Myers, Steven) (Entered: 12/11/2015) |
| 12/11/2015 | 9 | Consent MOTION for Extension of Time to File Answer re 1 Complaint, by SYLVIA M. BURWELL (Attachments: # 1 Text of Proposed Order)(Myers, Steven) (Entered: 12/11/2015) |
| 12/11/2015 | | MINUTE ORDER granting 9 Consent Motion for Extension of Time. Defendants shall answer or otherwise respond to the 1 Complaint by January 20, 2016. Signed by Judge Rosemary M. Collyer on 12/11/2015. (lcrmc3) (Entered: 12/11/2015) |
| 12/11/2015 | | Set/Reset Deadlines/Hearings: Answer to complaint due by 1/20/2016. (cdw) (Entered: 12/14/2015) |
| 01/20/2016 | 10 | MOTION to Dismiss for Lack of Jurisdiction by SYLVIA M. BURWELL (Attachments: # 1 Text of Proposed Order)(Myers, Steven) (Entered: 01/20/2016) |
| 01/20/2016 | 11 | MOTION to Intervene by DOCTORS HOSPITAL AT RENAISSANCE (Attachments: # 1 Exhibit #1, # 2 Exhibit #2, # 3 Exhibit #3, # 4 Exhibit #4, # 5 Exhibit #5, # 6 Exhibit #6, # 7 Exhibit #7, # 8 Exhibit #8, # 9 Exhibit #9, # 10 Exhibit #10, # 11 Text of Proposed Order IN SUPPORT OF MOTION TO DISMISS, # 12 Text of Proposed Order IN SUPPORT OF MOTION TO INTERVENE, # 13 Declaration LOCAL RULE 7.1)(Scarborough, Ryan) (Entered: 01/20/2016) |
| 01/28/2016 | 12 | Consent MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss for Lack of Jurisdiction by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P. (Attachments: # 1 Text of Proposed Order)(Garber, Amy) (Entered: 01/28/2016) |
| 01/28/2016 | | MINUTE ORDER granting 12 Consent Motion for Extension of Time. Plaintiffs shall oppose by March 4, 2016 Defendant's 10 Motion to Dismiss. Signed by Judge Rosemary M. Collyer on 1/28/2016. (lcrmc3) (Entered: 01/28/2016) |
| 01/29/2016 | | Set/Reset Deadlines: Response to Motion to Dismiss due by 3/4/2016. (zmm) (Entered: 01/29/2016) |
| 02/01/2016 | 13 | RESPONSE re 11 MOTION to Intervene filed by SYLVIA M. BURWELL. (Myers, Steven) (Entered: 02/01/2016) |
| 02/26/2016 | 14 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Carey B. McRae, :Firm− Bradley Arant Boult Cummings LLP, :Address− 1819 Fifth |

| | | |
|---|---|---|
| | | Avenue North, Birmingham, AL 35203. Phone No. − 205−488−6014 Filing fee $ 100, receipt number 0090−4428403. Fee Status: Fee Paid. by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P. (Attachments: # 1 Text of Proposed Order, # 2 Declaration )(Garber, Amy) Modified on 3/1/2016 (zrdj). (Entered: 02/26/2016) |
| 02/29/2016 | | MINUTE ORDER granting 14 Motion for Leave to Appear Pro Hac Vice. Carey B. McRae is admitted to represent Plaintiffs Knapp Medical Center, McAllen Hospitals, L.P., and Cornerstone Regional Hospital, L.P. Signed by Judge Rosemary M. Collyer on 2/29/2016. (lcrmc3) (Entered: 02/29/2016) |
| 03/01/2016 | 15 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Marc James Ayers, :Firm− Bradley Arant Boult Cummings LLP, :Address− One Federal Place, 1819 Fifth Avenue North, Birmingham, AL 35203. Phone No. − (205)521−8598. Fax No. − (205)488−6598 Filing fee $ 100, receipt number 0090−4431648. Fee Status: Fee Paid. by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P. (Attachments: # 1 Declaration, # 2 Text of Proposed Order )(Garber, Amy) Modified on 3/1/2016 (zrdj). (Entered: 03/01/2016) |
| 03/01/2016 | | MINUTE ORDER granting 15 Motion for Leave to Appear Pro Hac Vice. Marc James Ayers is admitted to represent Plaintiffs Knapp Medical Center, McAllen Hospitals, L.P., and Cornerstone Regional Hospital, L.P. Signed by Judge Rosemary M. Collyer on 3/1/2016. (lcrmc3) (Entered: 03/01/2016) |
| 03/04/2016 | 16 | Memorandum in opposition to re 10 MOTION to Dismiss for Lack of Jurisdiction filed by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Garber, Amy) (Entered: 03/04/2016) |
| 03/08/2016 | | MINUTE ORDER granting 11 Motion by Doctors Hospital at Renaissance (DHR) to Intervene as Defendant. Plaintiffs have not responded to this motion. Defendant Burwell opposes intervention of right, but does not oppose permissive intervention. DHR's motion to intervene by permission is thus unopposed, and will be granted under Fed. R. Civ. P. 24(b) because DHR has a claim or defense that shares with the main action a common question of law or fact. Signed by Judge Rosemary M. Collyer on 3/8/2015. (lcrmc3) (Entered: 03/08/2016) |
| 03/08/2016 | 17 | MOTION to Dismiss by DOCTORS HOSPITAL AT RENAISSANCE (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 03/09/2016) |
| 03/08/2016 | 18 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by DOCTORS HOSPITAL AT RENAISSANCE identifying Corporate Parent RGV MED LLC for DOCTORS HOSPITAL AT RENAISSANCE. (zrdj) (Entered: 03/09/2016) |
| 03/14/2016 | 19 | REPLY to opposition to motion re 10 MOTION to Dismiss for Lack of Jurisdiction filed by SYLVIA M. BURWELL. (Myers, Steven) (Entered: 03/14/2016) |
| 03/22/2016 | 20 | Memorandum in opposition to re 17 MOTION to Dismiss filed by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P.. (Attachments: # 1 Exhibit A, # 2 |

| 03/29/2016 | 21 | | NOTICE of Appearance by Ryan T. Scarborough on behalf of DOCTORS HOSPITAL AT RENAISSANCE (Scarborough, Ryan) (Entered: 03/29/2016) |
|---|---|---|---|
| 03/29/2016 | 22 | | REPLY to opposition to motion re 17 MOTION to Dismiss *Reply Memorandum in Support of Intervenor−Defendant Doctors Hospital Renaissance's Motion to Dismiss* filed by DOCTORS HOSPITAL AT RENAISSANCE. (Scarborough, Ryan) (Entered: 03/29/2016) |
| 06/28/2016 | 23 | 11 | MEMORANDUM AND OPINION. Signed by Judge Rosemary M. Collyer on 6/28/2016. (lcrmc2) (Entered: 06/28/2016) |
| 06/28/2016 | 24 | 10 | ORDER. Defendant Department of Health and Human Services' 10 Motion to Dismiss is granted. Defendant Doctors Hospital at Renaissance, Ltd.'s 17 Motion to Dismiss is granted. See Order for further details. This case is closed. Signed by Judge Rosemary M. Collyer on 6/28/2016. (lcrmc2) (Entered: 06/28/2016) |
| 08/02/2016 | 25 | 7 | NOTICE OF APPEAL TO DC CIRCUIT COURT re 23 MEMORANDUM AND OPINION, 24 ORDER by CORNERSTONE REGIONAL HOSPITAL, L.P., KNAPP MEDICAL CENTER, MCALLEN HOSPITALS, L.P. Filing fee $ 505, receipt number 0090−4625464. Fee Status: Fee Paid. Parties have been notified. (Garber, Amy) Modified on 8/3/2016 to add linkage (zrdj). (Entered: 08/02/2016) |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KNAPP MEDICAL CENTER, *et al.*, )<br><br>     Plaintiffs, )<br><br>v. )<br><br>SYLVIA MATHEWS BURWELL, in her )<br>official capacity as Secretary of the Department )<br>of Health and Human Services, )<br><br>and )<br><br>DOCTORS HOSPITAL AT RENAISSANCE, )<br><br>     Defendants. ) | Case No. 1:15-cv-01663<br>Hon. Rosemary M. Collyer |

## NOTICE OF APPEAL

Notice is hereby given that Knapp Medical Center, McAllen Hospitals, L.P. d/b/a South Texas Health System, and Cornerstone Regional Hospital, L.P. d/b/a Cornerstone Regional Hospital, Plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's order granting the Defendants' motions to dismiss, entered in this action on the 28th day of June, 2016.

Date:  August 2, 2016                     Respectfully submitted,

                                                        */s/ Marc James Ayers*
                                                        One of the Attorneys for Plaintiffs Knapp Medical
                                                        Center, McAllen Hospitals, L.P., and Cornerstone
                                                        Regional Hospital, L.P.

OF COUNSEL
Gregory G. Marshall (D.C. Bar No. 1011327)
Amy E. Garber (D.C. Bar No. 498404)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036

(202) 719-8207 (office)
(202) 719-8307 (facsimile)
gmarshall@bradley.com
agarber@bradley.com

Carey B. McRae (admitted *pro hac vice*)
Marc James Ayers (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8014 (office)
(205) 488-6016 (facsimile)
cmcrae@bradley.com
mayers@bradley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2016, the foregoing Plaintiffs' Notice of Appeal was

served on the following via the CM/ECF system and first-class mail:

> John K. Villa
> Enu Mainigi
> Ryan Scarborough
> Richard A. Olderman
> Williams & Connolly LLP
> 725 Twelfth Street, NW
> Washington, DC 20005
>
> *Attorneys for Defendant*
> *Doctors Hospital at Renaissance*
>
> Steven A. Myers
> Trial Attorney
> Federal Programs Branch
> U.S. Department of Justice, Civil Division
> Post Office Box 883
> Washington, DC 20044
>
> *Attorney for Defendant*
> *Sylvia Mathews Burwell*
>
> */s/ Amy E. Garber*
> Amy E. Garber

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **KNAPP MEDICAL CENTER,** ) | |
| *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 15-cv-1663 (RMC)** |
| ) | |
| **SYLVIA MATTHEWS BURWELL,** ) | |
| **in her official capacity as Secretary of the** ) | |
| **Department of Health & Human Services** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## ORDER

For the reasons stated in the Opinion issued contemporaneously with this Order, it

is hereby

**ORDERED** that Defendant Department of Health and Human Services' Motion

to Dismiss [Dkt. 10] is **GRANTED**; and it is

**FURTHER ORDERED** that Intervener Defendant Doctors Hospital at

Renaissance, Ltd.'s Motion to Dismiss [Dkt. 17] is **GRANTED**.

This is a final appealable Order. *See* Fed. R. App. P. 4. This case is closed.

Date: June 28, 2016                    _____/s/_____

ROSEMARY M. COLLYER
United States District Judge

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
KNAPP MEDICAL CENTER,                  )
*et al.*                                            )
                                                    )
            Plaintiffs,                             )
                                                    )
        v.                                          )        Civil Action No.  15-cv-1663 (RMC)
                                                    )
SYLVIA MATTHEWS BURWELL,               )
in her official capacity as Secretary of the )
Department of Health & Human Services )
                                                    )
            Defendant.                              )
_____          )

## OPINION

Plaintiff hospitals challenge a final decision by the Department of Health and Human Services to approve the expansion of a physician-owned hospital in Hidalgo County, Texas.  The Court will not reach the merits because Congress has specifically foreclosed judicial review of these decisions.  Defendants' motions to dismiss will be granted and the case dismissed.

## I.  FACTS

Plaintiffs Knapp Medical Center, McAllen Hospitals, L.P., and Cornerstone Regional Hospital, L.P. (Plaintiffs) are hospitals in Hidalgo County, Texas.  Compl. [Dkt. 4] ¶¶ 2-4.  They compete with Doctors Hospital at Renaissance, Ltd. (DHR), also in Hidalgo County.  *See id*.  The County is located in the Rio Grande Valley in Texas, across the Rio Grande River from Mexico.  DHR is located in Edinburg, Texas in the middle of the county.  *See* DHR Mot. to Dismiss (DHR Mot.) [Dkt. 17] at 5.  Hidalgo County was designated a "medically underserved area" by the Department of Health and Human Services (HHS) in 1994.  U.S. Dep't

1

of Health & Human Services, Health Resources and Services Administration Data Warehouse

(6/20/2016), http://datawarehouse.hrsa.gov/tools/analyzers/MuaSearchResults.aspx.[1]

        DHR is an acute care hospital with a Level III trauma facility.  There are no Level I or Level II trauma centers in the area so that patients with greater needs must be transported long distances to such centers.  DHR Mot. at 1.  DHR is owned by the physicians who practice there, which presents particular issues under the Medicare Act, 42 U.S.C. § 1395 *et seq.*  As relevant here, a physician-owned hospital must obtain permission from HHS before the hospital can expand.  Compl. ¶¶ 15-16.  This requirement arises from the Stark Law, codified at 42 U.S.C. § 1395nn, which generally forbids referrals by physicians to care facilities in which the physicians have a financial interest.[2]  Obviously, when physicians own the hospital, self-referral is an immediate issue; the Stark Law allows a limited exception in such circumstances, 42 U.S.C. § 1395nn(d)(3), provided that the hospital meets the requirements of § 1395nn(i)(1).

        As amended by the Affordable Care Act of 2010, the Stark Law also closely oversees whether and when physician-owned hospitals may expand.  *Id.* § 1395nn(i)(3).[3]  It imposes no restrictions on the expansion of non-physician owned hospitals.  With permission,

---

[1] This Court appropriately takes judicial notice of the publicly available information on HHS's website.  *See Linchpins of Liberty v. United States*, 71 F. Supp. 3d 236, 242 (D.D.C. 2014) ("among the documents subject to judicial notice on a motion to dismiss are public records") (citation and internal quotations omitted).

[2] The purpose of the Stark Law is to guard against physician referral to a care provider in which the physician has a financial interest so as to prevent unnecessary referrals and the income they produce to the physician.  The law is named after Representative Pete Stark of California who sponsored the original bill in 1989.  *See* Omnibus Budget Reconciliation Act of 1989 (OBRA 1989), P.L. 101-239.  The scope of the Stark Law prohibitions has been expanded multiple times since 1989.

[3] Subsection (i) was added by the Patient Protection and Affordable Care Act, Pub. L. 111-148, § 6001(a)(3), 124 Stat. 119, 685-89 (2010) (ACA).

physician-owned hospitals are permitted to expand up to 100%.  *Id.* § 1395nn(i)(3)(C)(ii).  HHS

has established a process and regulations under which physician-owned hospitals may apply for

authority to expand.  *Id.* §§ 1395nn(i)(3)(A)(i), (iv); 42 C.F.R. § 411.362(c).

DHR filed an application with HHS on March 20, 2014, seeking to expand by

100% to enable DHR to establish the infrastructure needed to support a Level 1 trauma center.

*See* Compl. ¶ 24; DHR Mot. at 1.  That application was never acted upon because HHS was in

the middle of formal rulemaking on the issue.  Compl. ¶ 24.  HHS published an amended Final

Rule on November 10, 2014.  79 Fed. Reg. 66,770, 66,987-97 (Nov. 10, 2014).  Among other

things, the new Rule expanded the universe of evidence that could be offered by applicant

physician-owned hospitals that want to expand.  The Final Rule went into effect on January 1,

2015.  Compl. ¶ 25.

DHR filed an "amended and restated" application on January 2, 2015.  *Id.* ¶ 26.

The application was published in the Federal Register on May 8, 2015 and made available on an

HHS website.  *Id.* ¶ 27.  Interested parties filed a total of 21 comments on DHR's application.

*Id.* ¶ 28.  Several assailed DHR's eligibility under the statutory or regulatory criteria.  After

DHR's rebuttal was publicized, another round of public comments was received.  *Id.* ¶¶ 29-30.

HHS approved DHR's request to expand the hospital on September 11, 2015.  *Id.*

¶ 31.  Notice was published in the Federal Register on September 17, 2015.  80 Fed. Reg. 55,851

(Sep. 17, 2015).  After considering the information tendered by DHR and the public commenters,

HHS made the following predicate findings:

- DHR is located in Hidalgo County, which has a percentage increase in
  population that is at least 150 percent of the percentage increase in Texas'
  population during the most recent 5-year period for which data was
  available as of the date that DHR submitted its request;

3

- DHR has an annual percentage of total inpatient admissions under Medicaid that is equal to or greater than the average percentage with respect to such admissions for all hospitals located in Hidalgo County during the most recent 12-month period for which data are available as of the date that DHR submitted its request;

- DHR certified and provided satisfactory documentation that it does not discriminate against beneficiaries of Federal health care programs and does not permit physicians practicing at the hospital to discriminate against such beneficiaries;

- DHR is located in Texas, which has an average bed capacity that is less than the national average bed capacity during the most recent fiscal year for which HCRIS,[4] as of the date that the hospital submitted its request, contained data from a sufficient number of hospitals to determine Texas' average bed capacity and the national average bed capacity; and

- DHR has an average bed occupancy rate that is greater than the average bed occupancy rate in Texas during the most recent fiscal year for which HCRIS, as of the date that DHR submitted its request, contained data from a sufficient number of hospitals to determine its average bed occupancy rate and Texas' average bed occupancy rate.

*Id.* at 55,853.  Based on these findings, HHS concluded "DHR satisfied the Medicaid inpatient admissions, bed capacity and bed occupancy criteria" under the relevant statutory and regulatory scheme.  *Id.*  It granted permission for DHS to double in size, adding a total of 551 operating rooms, procedure rooms, and beds.  *Id.*

Plaintiffs filed suit in this Court on October 12, 2015.  Compl. [Dkt. 1].[5]  The sole count alleges that HHS's decision was contrary to the statutory criteria governing the application

[4] HCRIS, Healthcare Cost Report Information System, contains annual reports submitted by Medicare Administrative Contractors.  *See* CMS.gov Centers for Medicare & Medicaid Services, *Cost Reports* (April 21, 2016), www.cms.gov/Research-Statistics-Data-and-Systems/Downloadable-Public-Use-Files/Cost-Reports/.  The reports include facility-level data on utilization, costs, charges, Medicare payments, and other financial information.

[5] Plaintiffs filed a "corrected" complaint the next day, Dkt. 4, which the Court will treat as the operative complaint.  All other cites to "Compl." reference Dkt. 4.

4

process. Compl. ¶¶ 32-42. First, Plaintiffs allege that HHS's failure to publish DHR's first application deprived the public of its right to comment on it. *See id.* ¶ 34 (citing 42 U.S.C. § 1395nn(i)(3)(A)(ii)). Second, Plaintiffs allege that DHR violated the "two-year rule" in § 1395nn(i)(3)(B) by applying to expand more than once within a two-year period. Compl. ¶ 35. Third, Plaintiffs allege that DHR cannot qualify as a "high Medicaid Facility" because it "is not the hospital with the highest annual percent of inpatient admissions under Medicaid in Hidalgo County for any year since 2007" and because it "permits physicians practicing at the hospital to discriminate against Medicaid beneficiaries." *Id.* ¶ 36 (citing 42 U.S.C. §§ 1395nn(i)(3)(F)(ii), (iii)). Fourth, Plaintiffs allege that DHR cannot qualify as an "applicable hospital" because it "is not located in a county with a percentage increase in population that is 150% of the percentage increase of the population of the State in which the county is located"; because it "does not have a higher annual percent of inpatient admissions under Medicaid than the average annual percent of inpatient admissions for hospitals in Hidalgo County"; and because it "permits physicians practicing at the hospital to discriminate against Medicaid beneficiaries." Compl. ¶ 37 (citing 42 U.S.C. §§ 1395nn(i)(3)(E)(i), (ii), (iii)).

Plaintiffs assert jurisdiction under three statutes: the Administrative Procedure Act, 5 U.S.C. § 706(2) (APA); the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. DHR has intervened as a Defendant and it and HHS filed motions to dismiss. They both argue that the Court lacks jurisdiction under these or any other statute and DHR argues that Plaintiffs lack standing to sue Secretary Sylvia Matthews Burwell of HHS. *See* HHS Mot. to Dismiss [Dkt. 10] (Mot.); DHR Mot. Plaintiffs oppose. *See* Plaintiffs' Opposition [Dkt. 16] (Opp'n). The motions are ripe for resolution.

5

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is both a statutory requirement and an Article III requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that federal courts are courts of limited jurisdiction and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (internal citations omitted). However, there is also a "'strong presumption that Congress intends judicial review of administrative action,'" which "can only be overcome by a 'clear and convincing evidence' that Congress intended to preclude the suit." *Amgen, Inc. v. Smith*, 357 F.3d 103, 111 (D.C. Cir. 2004) (citing *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986) and *Abbott Labs. v. Gardner*, 387 U.S. 136, 141 (1967)).

When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be reasonably derived from the facts alleged. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiffs' legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). A court may consider materials outside the pleadings to determine its jurisdiction. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005); *Coal. for Underground Expansion v.*

6

*Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003). A court has "broad discretion to consider relevant and competent evidence" to resolve factual issues raised by a Rule 12(b)(1) motion. *Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs*, 873 F. Supp. 2d 363, 368 (D.D.C. 2012) (citing 5B Charles Wright & Arthur Miller, Fed. Prac. & Pro., Civil § 1350 (3d ed. 2004)); *see also Macharia v. United States*, 238 F. Supp. 2d 13, 20-21 (D.D.C. 2002), *aff'd*, 334 F.3d 61 (2003) (in reviewing a factual challenge to the truthfulness of the allegations in a complaint, a court may examine testimony and affidavits). In these circumstances, consideration of documents outside the pleadings does not convert the motion to dismiss into one for summary judgment. *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003).

## III. ANALYSIS

The lower federal courts are creatures of Congress. Just as Congress "from time to time ordain[s] and establish[es]" such courts under Article III, Section 1 of the Constitution, Congress likewise confers their jurisdiction. *Commodity Futures Trading Comm'n v. Nahas*, 738 F.2d 487, 492 (D.C. Cir. 1984) ("A federal court's subject-matter jurisdiction, constitutionally limited by article III, extends only so far as Congress provides by statute."). When it comes to judicial review of agency action, that jurisdiction may be as wide or as narrow as Congress chooses.[6] Since Congress expressly foreclosed judicial review in this case, the Court must dismiss Plaintiffs' challenge to HHS's final decision.

---

[6] The presumption of reviewability "'may be overcome by,' *inter alia*, 'specific language or specific legislative history that is a reliable indicator of congressional intent,' or a specific congressional intent to preclude judicial review that is '"fairly discernible" in the detail of the legislative scheme.'" *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 673 (1986) (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349-51 (1984)); *see also Tex. Alliance for Home Care Servs. v. Sebelius*, 681 F.3d 402, 408 (D.C. Cir. 2012); *Amgen, Inc. v. Smith*, 357 F.3d 103, 112 (D.C. Cir. 2004); *Am. Soc'y of Dermatology v. Shalala*, 116 F.3d 941 (D.C. Cir. 1997).

There is no doubt that Congress has insulated HHS decisions approving

expansion of physician-owned hospitals from review. When the application process was added

to Medicare by the Affordable Care Act, the same provision in the ACA added:

> (I)    Limitation on review
>
> There shall be no administrative or judicial review under section 1395ff of this title, section 1395*oo* of this title, or otherwise of the process under this paragraph (including the establishment of such process). [7]

42 U.S.C. § 1395nn(i)(3)(I). This language "clearly and convincingly" reflects a congressional

intent to preclude review of the process itself and decisions resulting from the process. Not only

does the provision apply to substantive and procedural objections, but review is foreclosed under

Medicare "or otherwise," under other statutes. *Id.* In short, there is no judicial review of these

decisions.

Plaintiffs would read § 1395nn(i)(3)(I) narrowly. They disclaim any "challenge

to the process or the establishment of the process for the expansion exceptions that are defined

by Congress." Compl. ¶ 11. Rather, they challenge HHS's "faulty and arbitrary application of

the congressionally-mandated criteria and its own rules to the DHR expansion application." *Id.*

In this, they err.

The consideration of Medicare's statutory criteria, when HHS decides whether to

approve an expansion, is part of the "process." Plaintiffs cannot survive a motion to dismiss by

attempting to separate the process itself from a decision arrived at through that process. The

D.C. Circuit has addressed a similar contention in *Texas Alliance for Home Care Servs. v.*

---

[7] Section 1395ff addresses determinations of benefits to individuals and appeals therefrom. Section 1395*oo* addresses the Provider Reimbursement Review Board's authority over reimbursement challenges raised by service providers, *i.e.*, doctors, hospitals and others, and judicial appeals therefrom.

8

*Sebelius*, 681 F.3d 402 (D.C. Cir. 2012), determining that 42 U.S.C. § 1395w-3(b) prohibited

review of the development and application of appropriate financial standards used in awarding

contracts *and* the actual contract award itself.  Section 1395w-3(b)(11) states "[t]here shall be no

administrative or judicial review under section 1395ff of this title, section 1395*oo* of this title, or

otherwise, of . . . (B) the awarding of contracts under this section."  *Texas Alliance* found that the

"financial standards are indispensable to 'the awarding of contracts'" and interpreted the statute

to prohibit review of those standards.  681 F.3d at 409.  The Circuit refused to draw a distinction

between the actual award of a contract and the financial standards which are part of the decision

whether or not to award a contract.  *Id*.  This Court similarly refuses to separate the process for

approving expansion of physician-owned hospitals from a decision arrived at under that process.

      The *Texas Alliance* plaintiffs' argument that they sought review of the financial

standards, and not the award of a contract, is comparable to the Plaintiffs' argument here that

they are challenging the application of the process, but not the process itself.  The D.C. Circuit

held that the financial standards were inseparable from the contract award because the financial

standards "determine[d] whether or not a contract may be awarded to a bidder."  *Id*.  The

similarity in language between the provision at issue in *Texas Alliance* and § 1395nn(i)(3)(I) is

immediately apparent.  This Court's interpretation of that language must align with *Texas

Alliance.*  Any other result is untenable.

      Plaintiffs' claims — that HHS (1) erred by failing to publish DHR's original

application in the public record, (2) failed to bar DHR's amended application as filed too soon,

and (3) acted arbitrarily in assessing DHR's compliance with the statutory requirements — are

plainly attacks on HHS's application of the process established in 42 U.S.C. § 1395nn(i)(3)(A)(i)

and, thus, barred from judicial review.

9

Attempting to avoid this result, Plaintiffs argue that without judicial review, HHS could easily exceed its authority to grant requests by physician-owned hospitals to expand under 42 U.S.C. § 1395nn(i)(1)(B). Plaintiffs' concern is unwarranted. Judicial review of agency decisions is permitted when an agency acts *ultra vires*, or outside the bounds of its authority. *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 189-90 (D.C. Cir. 2006) (quoting *Dart v. United States,* 848 F.2d 217, 221 (D.C. Cir. 1988) and *Aid Ass'n for Lutherans v. U.S. Postal Serv.,* 321 F.3d 1166, 1173 (D.C. Cir. 2003)) (finding "'judicial review is available when an agency acts *ultra vires,*' even if a statutory cause of action is lacking"). This non-statutory review of agency action, however, is "intended to be of extremely limited scope." *Griffith v. Fed. Labor Relations Auth.*, 842 F.2d 487, 493 (D.C. Cir. 1988).

Notably, Plaintiffs have not alleged or argued that HHS acted beyond its statutory authority when it granted DHR's request for expansion, but instead worry about the possibility of such action at an unspecified time in the future. Their worry does not constitute a case or controversy. *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20 (1998) (quoting *Coleman v. Miller*, 307 U.S. 433, 460 (1939) (Frankfurter, J., dissenting)) ("[C]ourts will not 'pass upon . . . abstract, intellectual problems,' but adjudicate 'concrete, living contest[s]' between adversaries."); *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945) (controversy must be "definite and concrete, not hypothetical or abstract"). The Court will decline to review HHS's application of the process of granting expansion rights to DHR as clearly prohibited by § 1395nn(i)(3)(I).

10

## IV. CONCLUSION

Defendant HHS's Motion to Dismiss [Dkt. 10] will be granted, Intervener

Defendant DHR's Motion to Dismiss [Dkt. 17] will be granted, and the case dismissed.  A

memorializing Order accompanies this Opinion.

Date: June 28, 2016                    /s/
                                ROSEMARY M. COLLYER
                                United States District Judge

11